FILED
2020 NOV 24 PM 2:31
CLERK
U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| MARGUERITE E. HIPWELL, individually and as General Personal Representative of the Estate of KEITH W. HIPWELL<br><br>**Plaintiff,**<br><br>v.<br><br>AIR & LIQUID SYSTEMS CORP., as successor by merger to BUFFALO PUMPS, INC., et al.,<br><br>**Defendants.** | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 1:20-cv-00063-JNP-JCB**<br><br>**District Judge Jill N. Parrish**<br><br>**Magistrate Judge Jared C. Bennett** |

Before the court is the parties' Stipulated Motion for Initial Scheduling Conference.[1] The parties have agreed to all but one item in the Attorney Planning Meeting Report ("APMR") on file with the court:[2] inclusion of the disclosure and identification provisions of Utah's Asbestos Bankruptcy Trust Claims Transparency Act ("Transparency Act"), Utah Code Ann. §§ 78B-6-2001 to -2010. Defendants[3] asserts that Utah Code sections 78B-6-2004 and 78B-6-2007 of the Transparency Act should apply in this case while Plaintiff Marguerite E. Hipwell ("Plaintiff") objects to application of state law because federal procedural law applies to matters in federal court. The parties filed their APMR wherein they stipulated to all matters but the one and

---

[1] ECF No. 118.

[2] ECF No. 119.

[3] Defendants are Air & Liquid Systems Corporation, Aldrich Pump, CBS Corporation, CBS, Cleaver Brooks, Tuthill, Crane Co., Elliot Company, Foster Wheeler Energy, Gardner Denver, General Electric, Goulds Pumps, Grinnell, IMO Industries, Ingersoll Rand, The Gorman Rupp, Superior Boiler Works, Trane Technologies, Warren Pumps, Zurn Industries, and Viad Corp (collectively, "Defendants").

simultaneously filed the instant motion for a scheduling conference to resolve the dispute regarding the applicability of sections 2004 and 2007 of the Transparency Act.

The court held oral argument on the motion on October 7, 2020.[4] Following the hearing, the court took the matter under advisement and requested additional briefing on the choice of law issues raised by the relevant sections of the Transparency Act.[5] The parties submitted supplemental briefing on October 28, 2020.[6] Having now considered the parties' memoranda and the relevant law, the motion is granted in part and denied in part as set forth below.

## LEGAL STANDARDS

"Federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 427 (1996) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 (1938)). The determination of whether a rule is "substantive" or "procedural" however "has proven difficult to demarcate," and depends on the legal context. *Trierweiler v. Croxton and Trench Holding Corp.,* 90 F.3d 1523, 1539 (10th Cir. 1996). The determination requires the court to consider whether the state rule conflicts with any applicable federal rule. *Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1162 (10th Cir. 2017); *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1216-17 (10th Cir. 2011).

When faced with a choice between a state law and an allegedly conflicting federal rule, the Court of Appeals for the Tenth Circuit has adopted the two-part framework that Justice Stevens described in his concurring opinion in *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417-28 (2010). *Garman v. Campbell Cty. Sch. Dist. No. 1*, 630 F.3d 977,

---

[4] ECF No. 122.
[5] ECF No. 125.
[6] ECF Nos. 131, 132, 133.

983 n.6 (10th Cir. 2010) ("[W]e look to Justice Stevens' concurrence for guidance on this issue");[7] *see, e.g., Racher,* 871 F.3d at 1162; *James River,* 658 F.3d at 1217.

Under this framework, the court must first determine whether the state law conflicts with a federal procedural rule. *James River,* 658 F.3d at 1218. Such a determination is not whether state and federal rules overlap, but "whether, when fairly construed, the scope of the Federal Rule is sufficiently broad to cause a direct collision with the state law or, implicitly, to control the issue before the court, thereby leaving no room for the operation of the state law." *Trierweiler,* 90 F.3d at 1539-40; *Racher,* 871 F.3d at 1163 ("If the state and federal rules can exist side by side, each controlling its own intended sphere of coverage, there is no conflict." (internal quotations and citations omitted)). Stated another way, if the state law conflicts with a federal procedural rule, then the state law is procedural for *Erie* purposes regardless of how it may be characterized for other purposes. If there is a conflict, the federal rule applies so long as the federal rule is valid. *Shady Grove,* 559 U.S. at 422 (stating in the presence of a conflict, the federal rule applies unless it is shown that the federal rule is beyond the scope of the Rules Enabling Act or is unconstitutional); *Hanna v. Plumer,* 380 U.S. 460, 471 (1965). The federal rule is valid if it does not "abridge, enlarge or modify any substantive right" established under state law. *Shady Grove,* 559 U.S. at 418. If it is valid, the inquiry ends and, the federal rule governs the dispute.

---

[7] The *Garman* Court relied on *Marks v. United States,* 430 U.S. 188 (1977), which stated that "[w]hen a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those Members who concurred in the judgments on the narrowest grounds." *Id.*; *see also* Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure § 4509 (2d ed. 2011) (explaining that "federal courts have differed in their application of [*Shady Grove*] . . . [and] some courts apply Justice Stevens' concurrence as the controlling opinion.").

In part two of the framework, if there is no direct conflict, the court's analysis proceeds under *Erie*. *Racher*, 871 F.3d at 1163. Specifically, the court must decide whether to apply the state law by "applying the outcome-determinative test in light of the twin aims of [the] *Erie*" rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws. *Trierweiler*, 90 F.3d at 1539-40.

## ANALYSIS

The court finds that because there is a conflict between section 2004 and the Federal Rules of Civil Procedure, the Federal Rules apply and section 2004 is inapplicable. Conversely, the court finds no conflict between section 2007 and the Federal Rules, and that the application of section 2007 in this case is appropriate under *Erie*. The court addresses each in turn below.

**I.      Section 2004 is preempted by the Federal Rules.**

Section 2004 of the Transparency Act mandates certain disclosures that a plaintiff in an asbestos case must provide the defendant. Among other things, section 2004 requires plaintiff to provide: (1) a sworn statement identifying all asbestos trust claims that a plaintiff has filed or could file within 120 days prior to trial; (2) all trust claim materials for each asbestos trust claim that has been filed by a plaintiff; and (3) supplement the information and materials within 90 days after a plaintiff files an additional asbestos trust claim, supplements an existing trust claim, or receives additional information or materials related to a claim or potential claim. Utah Code Ann. § 78B-6-2004(1)-(3). Section 2004 further provides that failure to comply "shall constitute grounds for the court to extend the trial date in an asbestos action." Utah Code Ann. § 78B-6-2004(4). Presumably, these required disclosures would aid the jury in determining the sources of Plaintiff's asbestos exposure and apportion fault accordingly. Plaintiff does not dispute that

Defendants are entitled to the above information; instead, Plaintiff argues section 2004 should not control here because mechanisms already exist in the Federal Rules through which Defendants may obtain this information. The court agrees with Plaintiff and finds section 2004 is preempted by the Federal Rules as described below.

Generally, discovery is procedural and controlled by the Federal Rules of Civil Procedure. Rule 26 governs a party's duties to disclose information, the timing of disclosure, the scope and content of discovery, and duties to supplement disclosures. Fed. R. Civ. P. 26(a)-(b). Rule 37 sets the applicable sanctions for a party's failure to comply. Fed. R. Civ. P. 37(c). Here, application of section 2004 would interfere with the federal discovery scheme and deprive the court of its discretion to manage the procedure and content of discovery, control the timing, and determine the sanctions for noncompliance. Application of section 2004's automatic stay provision would also abrogate the court's ability to control its own docket and manage the movement of the case to ensure prompt and efficient determination of the cases pending before it. Because there are no challenges to the validity of the Federal Rules at issue here, the court accepts that Rule 26 and Rule 37 are valid without further inquiry. Therefore, because section 2004 attempts to govern territory already occupied by the Federal Rules, Utah Code Ann. § 78B-6-2004 is preempted, and the Federal Rules control.

**II.     Section 2007 is not preempted by the Federal Rules and applies in this case.**

Conversely, the court finds no conflict between section 2007 and the Federal Rules. Section 2007 sets forth a process for Defendants to compel Plaintiff to file asbestos trust claims prior to trial if Defendants identify a claim that they reasonably believe Plaintiff can file. Utah Code Ann. § 78B-6-2007(1)-(2). If Plaintiff does not file the claim per Defendants' request, the

court can order Plaintiff to file the claim and stay the case if a sufficient basis exists to file the claim identified by Defendants. Utah Code Ann. § 78B-6-2007(3). No federal procedural rule exists that either allows a party to move to compel the filing of trust claims or authorizes a court to grant such a motion.

Because no Federal Rule is directly on point, the court considers the twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws. *Hanna*, 380 U.S. at 468. Here, application of section 2007 would discourage forum-shopping because a plaintiff looking to defer potential bankruptcy trust submissions until after parallel civil litigation concludes would have ample reason to choose federal court if it offered a chance to avoid the compelled filing requirements of section 2007. Additionally, if the court were to disregard section 2007's requirements, it could bring about inequitable outcomes in the administration of the law by potentially allowing double recoveries in both civil and bankruptcy trust cases. Accordingly, the court finds Utah Code Ann. § 78B-6-2007 applies in this case.

Because section 2007 applies in this case, its requirements apply to the scheduling order at issue. Therefore, the proposed scheduling order shall incorporate the deadlines contained in Utah Code Ann. § 78B-6-2007.

## ORDER

For the foregoing reasons, the parties' motion[8] is GRANTED IN PART and DENIED IN PART as follows:

1. Utah Code Ann. § 78B-6-2004 is preempted by the Federal Rules and does not apply in this case.

---

[8] ECF No. 118.

2.      Utah Code Ann. § 78B-6-2007 is not preempted by the Federal Rules and does

apply in this case.

3.      The parties shall file a revised APMR and proposed Scheduling Order within 14

days of the date of this Order that incorporates the requirements of Utah Code

Ann. § 78B-6-2007.

IT IS SO ORDERED.

DATED this 24th day of November 2020.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge