IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARGUERITE E. HIPWELL, | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTIONS IN LIMINE** |
| Plaintiff, | |
| v. | |
| AIR & LIQUID SYSTEMS CORP. et al., | Case No. 1:20-cv-00063-JNP-JCB |
| Defendants. | District Judge Jill N. Parrish |

Marguerite E. Hipwell ("Hipwell"), individually and as General Personal Representative of the Estate of Keith W. Hipwell ("Mr. Hipwell" or "the decedent"), sued Foster Wheeler Energy Corp. ("Foster Wheeler") and numerous other defendants for negligence, failure to warn, and various other claims. ECF No. 98. Before the court are three motions in limine filed by Hipwell: (1) to preclude testimony or evidence regarding Foster Wheeler's defense that the Navy's negligence was an intervening or superseding cause of the decedent's alleged injuries (ECF No. 181); (2) to preclude testimony or evidence of the Navy's knowledge about the dangers presented by asbestos (ECF No. 182); and (3) to preclude Foster Wheeler's corporate witnesses from testifying at trial on matters not within their personal knowledge (ECF No. 184). For the reasons presented herein, the court DENIES all three motions.

## BACKGROUND

From 1951 to 1953, Mr. Hipwell served in the United States Navy as a boiler tender on the U.S.S. *Foss*. On January 3, 2020, Mr. Hipwell died from mesothelioma. Hipwell subsequently sued many defendants, including Foster Wheeler, for negligence, failure to warn, and various other claims. Among other allegations, Hipwell alleged that the defendants, including Foster Wheeler,

"knew or should have known of the harmful effects and/or harmful dangers of working with asbestos and/or asbestos containing products, materials, or equipment," and that their negligence and failure to warn about the dangers of asbestos caused Mr. Hipwell to develop mesothelioma and, ultimately, to die. *See* ECF No. 98 ¶¶ 25, 43, 49.

Hipwell now moves to preclude Foster Wheeler from presenting certain testimony and evidence at trial. Specifically, Hipwell moves to preclude Foster Wheeler from (1) presenting testimony or evidence that the Navy's negligence was an intervening or superseding cause of Mr. Hipwell's alleged injuries; (2) presenting testimony or evidence of the Navy's knowledge at the relevant time regarding the dangers of asbestos; and (3) presenting testimony from Foster Wheeler's corporate representatives that is not within their personal knowledge.

## ANALYSIS

## I.   Motion to Preclude Intervening or Superseding Cause Evidence (ECF No. 181)

Hipwell moves to preclude any testimony or evidence that the Navy's negligence was an intervening or superseding cause of the decedent's injuries. Hipwell argues that, "as a matter of law, Foster-Wheeler [sic] cannot exonerate itself of its own negligence or breach of strict liability" and evidence of the Navy's alleged negligence "would only serve to mislead and confuse the jury about the issues in this case." ECF No. 181 at 2. Hipwell appears to assert that, as a matter of law, an intervening or superseding cause defense is not available to Foster Wheeler because the Navy's alleged failure to warn the decedent regarding the dangers of asbestos was a foreseeable consequence of Foster Wheeler's failure to warn, and it resulted in a harm identical to the harm that Foster Wheeler's negligence would have caused. Thus, according to Hipwell, any evidence related to such a defense should be excluded. The court disagrees.

"To prevail on a negligence claim, a plaintiff must establish four essential elements: (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, (3) that the breach of duty was the proximate cause of the plaintiff's injury, and (4) that the plaintiff in fact suffered injuries or damages." *Hunsaker v. State*, 870 P.2d 893, 897 (Utah 1993). "Proximate causation is that cause which in natural and continuous sequence, unbroken by an efficient intervening cause, produces the injury and without which the result would not have occurred." *Zendler v. Univ. of Utah Health Care*, 476 P.3d 1009, 1014 (Utah Ct. App. 2020) (citation omitted). "An intervening cause is an independent event, not reasonably foreseeable, that completely breaks the connection between fault and damages." *Id.* (citation omitted). In general, whether an intervening event was reasonably foreseeable "must be resolved by the finder of fact." *See Jensen v. Mountain States Tel. & Tel. Co.*, 611 P.2d 363, 365 (Utah 1980); *see also Heinrich v. Master Craft Eng'g, Inc.*, 131 F. Supp. 3d 1137, 1148 (D. Colo. 2015) ("Foreseeability is ordinarily a question of fact."); *Schrimscher v. Bryson*, 58 Cal. App. 3d 660, 664 (Cal. Ct. App. 1976) ("Generally speaking the determination of whether the intervening act is foreseeable is a question of fact unless under the undisputed facts there is no room for a reasonable difference of opinion.").[1]

Here, the court declines to preclude Foster Wheeler from presenting testimony or other evidence that the Navy's alleged negligence was an intervening or superseding cause of the decedent's alleged injuries. As an initial matter, Hipwell does not cite any rule of evidence under which the evidence should be excluded. Based on Hipwell's statement that evidence related to an intervening or superseding cause defense "would be irrelevant" and "would be unfairly prejudicial to [Hipwell] and would serve only to mislead and confuse the jury," it would appear that Hipwell

---

[1] Because these are general principles of negligence law, they also apply under maritime law. *See Tesoriero v. Carnival Corp.*, 965 F.3d 1170, 1178 (11th Cir. 2020) ("For maritime tort cases in particular, 'we rely on general principles of negligence law.'" (citation omitted)).

is arguing that such evidence should be excluded under Federal Rules of Evidence 402 and 403. *See* ECF No. 181 at 9. Federal Rule of Evidence 402 provides that "[i]rrelevant evidence is not admissible," and Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." However, because Hipwell seeks to exclude an entire category of evidence—rather than specific documents or portions of witnesses' deposition testimony—it is extremely difficult, if not impossible, to determine whether the evidence at issue is irrelevant, unfairly prejudicial, or potentially misleading. For instance, it is likely that at least some evidence regarding the Navy's alleged intervening negligence is relevant to the issue of whether the decedent's alleged injuries were proximately caused by Foster Wheeler's alleged negligence. Thus, the court declines to conclude that all of the evidence at issue is irrelevant, unfairly prejudicial, or potentially misleading without greater clarity and specificity regarding the evidence that Hipwell seeks to exclude.

Moreover, because Hipwell has not cited to or provided any binding authority that establishes that, as a matter of law, it is always foreseeable that an employer will fail to warn when a manufacturer fails to warn about a product's hazards, it is possible that—contrary to Hipwell's assertions—an intervening or superseding negligence defense is still available to Foster Wheeler. Indeed, as detailed above, whether an intervening negligent act was foreseeable—and, therefore, whether it was an intervening or superseding cause—is generally a question of fact for the jury to decide. *See Heinrich*, 131 F. Supp. 3d at 1148; *Schrimscher*, 58 Cal. App. 3d at 664. And Foster Wheeler, in its briefs regarding its motion for summary judgment, has presented evidence that the Navy was aware of the hazards of asbestos in the 1950s, that the Navy "had written guidelines that

dealt with how to protect personnel from asbestos hazards," and that Foster Wheeler "knew about those safety procedures that had been promulgated by the Navy." *See* ECF No. 204-1 at 114:25–116:7. Thus, Foster Wheeler may have sufficient evidence to permit a reasonable jury to conclude that it was not foreseeable that the Navy would fail to warn the decedent regarding the dangers of asbestos.

Accordingly, at this point, the court declines to preemptively exclude any evidence that the Navy's negligence was an intervening or superseding cause of the decedent's alleged injuries. In fact, even in the cases cited by Hipwell, it appears that the trial courts permitted the defendants to present their evidence of intervening or superseding negligence to the factfinder, *see, e.g.*, *City of Chicago v. M/V Morgan*, 375 F.3d 563, 570, 575 n.14 (7th Cir. 2004); *In re Brooklyn Navy Yard Asbestos Litig.*, 971 F.2d 831, 838–39 (2d Cir. 1992); *Adkins v. GAF Corp.*, 923 F.2d 1225, 1226–27, 1230–31 (6th Cir. 1991), even if the trial court subsequently refused to instruct the jury regarding an intervening or superseding negligence defense, *see, e.g.*, *Van Buskirk v. Carey Canadian Mines, Ltd.*, 760 F.2d 481, 496 (3d Cir. 1985); *Hoglund v. Raymark Indus.*, 749 P.2d 164, 171 (Wash. Ct. App. 1987). Therefore, at trial, Hipwell is free to object to a jury instruction regarding Foster Wheeler's intervening or superseding negligence defense, and the court will sustain that objection if Foster Wheeler fails to provide sufficient evidence to support that defense. However, at this point, the court denies Hipwell's motion to exclude all evidence related to Foster Wheeler's intervening or superseding negligence defense.[2]

---

[2] This ruling does not preclude Hipwell from moving before trial to exclude *specific* pieces of evidence related to Foster Wheeler's intervening or superseding negligence defense.

## II.  Motion to Preclude Evidence of the Navy's Knowledge Regarding the Dangers of Asbestos (ECF No. 182)

Hipwell moves to preclude "any evidence or testimony by Foster-Wheeler [sic] regarding the Navy's knowledge of the hazards of asbestos." ECF No. 182 at 2. Hipwell argues that such evidence should be excluded because it is irrelevant, unfairly prejudicial to her, "and would serve only to mislead and confuse the jury." *Id.* at 6. Specifically, Hipwell appears to contend that the evidence is irrelevant because Foster Wheeler is "unable to show the Navy had greater knowledge of the hazards associated with the boilers Foster Wheeler manufactured and designed" and because "the Navy never precluded Foster-Wheeler [sic] from warning about the hazards of asbestos associated with its boilers." ECF No. 203 at 2. Therefore, according to Hipwell, Foster Wheeler's government contractor defense and defense under *Air & Liquid Systems Corp. v. DeVries*, 139 S. Ct. 986 (2019), fail as a matter of law, rendering evidence of the Navy's knowledge about the dangers of asbestos irrelevant. Hipwell further contends that such evidence would merely mislead the jury because Foster Wheeler actually intends to use such evidence to "improperly backdoor 'intervening negligence[,'] 'superseding cause[,]' and sophisticated purchaser arguments before the jury." ECF No. 182 at 2.

Foster Wheeler responds that the court should deny Hipwell's motion because the "motion ignores the fact that the evidence and testimony [Hipwell] seeks to preclude is both relevant and admissible not only to rebut an essential element of [Hipwell's] own claims—that Foster Wheeler should have known of the health hazards of asbestos—but also an element of two separate affirmative defenses," the government contractor defense and the defense "that Foster Wheeler owed no duty to warn of the hazards of products manufactured by third parties used in connection with its own equipment" under *DeVries*. ECF No. 199 at 1. Foster Wheeler further contends that Hipwell's assertion that Foster Wheeler seeks to introduce evidence of the Navy's knowledge

regarding the dangers of asbestos for an improper purpose "is based on nothing more than conjecture." *Id.* at 6. The court agrees.

First, the court agrees with Foster Wheeler that evidence regarding the Navy's knowledge with respect to the dangers of asbestos is relevant. Under Federal Rule of Evidence 401, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Here, the Navy's knowledge regarding asbestos is, at a minimum, relevant to Hipwell's failure to warn claim and Foster Wheeler's defenses to that claim. Specifically, an essential element of Hipwell's failure to warn claim against Foster Wheeler is that Foster Wheeler knew or should have known of the risk associated with its product. *See House v. Armour of Am.*, 929 P.2d 340, 343 (Utah 1996). If the Navy had substantial knowledge regarding the dangers of asbestos, it is more likely that Foster Wheeler knew or should have known that its boilers—and the use of asbestos in those boilers—would pose a risk to human health (and, likewise, if the Navy had limited knowledge regarding the dangers of asbestos, it is less likely that Foster Wheeler knew or should have known about the risk associated with its boilers). Thus, the Navy's knowledge regarding the dangers of asbestos is relevant to this action.[3]

Moreover, Foster Wheeler has presented two affirmative defenses to Hipwell's failure to warn claim. The first affirmative defense, the government contractor defense, requires Foster Wheeler to establish that it "warned the United States of the dangers in the equipment's use about which [Foster Wheeler] knew, but the United States did not." *See Tate v. Boeing Helicopters*, 55 F.3d 1150, 1157 (6th Cir. 1995). Accordingly, the Navy's knowledge regarding the dangers

---

[3] Similarly, evidence regarding the state-of-the-art knowledge about the health hazards of asbestos, during the relevant time period, is also relevant.

associated with using boilers containing asbestos, and how that knowledge compared to Foster Wheeler's knowledge, is directly relevant to whether Foster Wheeler can establish this element of the government contractor defense.

Similarly, under *DeVries*, Foster Wheeler only had a duty to warn about the hazards of asbestos if it "ha[d] no reason to believe that the product's users [would] realize that danger." 139 S. Ct. at 991. Although the court disagrees with Foster Wheeler that, under this test, the product's user was the Navy as opposed to individual sailors such as the decedent, *Dennis v. Air & Liquid Sys. Corp.*, No. CV 19-9343-GW-KSx, 2021 U.S. Dist. LEXIS 182133, at *36 (C.D. Cal. Mar. 24, 2021), the court still agrees that the Navy's knowledge with respect to asbestos is relevant. In particular, the more knowledgeable that the Navy was regarding the dangers of asbestos, the more likely that the Navy instructed sailors about those hazards and the more likely that Foster Wheeler had reason to believe that such sailors would realize the dangers posed by its asbestos-containing boilers. Thus, the court concludes that evidence regarding the Navy's knowledge is relevant under Federal Rule of Evidence 401.

Furthermore, to the extent that Foster Wheeler must establish that the Navy had greater knowledge of the hazards of asbestos and precluded Foster Wheeler from warning about such hazards for these defenses to be available, there is evidence in the record supporting those conclusions. Specifically, Foster Wheeler has produced evidence that, at the time in question, the Navy was a leader in knowledge regarding the health hazards of asbestos. *See, e.g.*, ECF No. 183-9 ¶ 27 ("The Navy's knowledge in the areas of asbestos and associated health conditions has been quite complete when compared to available knowledge over time, and at least by the early 1940s, the Navy had become a leader in the field of occupational medicine relating to, among other things, asbestos dust inhalation exposure."); *id.* ¶ 53 ("[D]uring this time period the Navy was leading the

state of the art with respect to industrial hygiene in general and potential asbestos hazards in particular in the maritime industry. The Navy's leading knowledge on such matters was not generally available outside the Navy."). Foster Wheeler has also produced evidence that the Navy precluded Foster Wheeler from warning about the hazards of asbestos. *See* ECF No. 183-5 ¶ 20 ("[T]he Navy exercised ultimate control over all relevant aspects of the design, manufacture, installation, maintenance, repair, overhaul, and/or modernization of all major items of Navy vessel propulsion equipment; . . . the Navy's control extended to the warnings and/or other written materials to be supplied with such equipment."). Therefore, even if there are inconsistencies in the evidence—including in Foster Wheeler's own evidence regarding these issues—there is sufficient evidence from which a jury could conclude that the Navy had greater knowledge regarding the dangers of Foster Wheeler's asbestos-containing boilers than did Foster Wheeler, and that the Navy precluded Foster Wheeler from warning about such dangers. Thus, to the extent that these issues are relevant, they are factual matters for the factfinder to decide at trial, not for the court to decide at this stage of the litigation.

In addition, the court agrees with Foster Wheeler that Hipwell's assertion that Foster Wheeler actually intends to use the evidence at issue to "improperly backdoor" arguments regarding the Navy's intervening or superseding negligence before the jury "is based on nothing more than conjecture." *See* ECF No. 199 at 1. Regardless, though, as detailed above, the court has concluded that Foster Wheeler should have the opportunity at trial to develop the argument that the Navy's intervening or superseding negligence broke the causal connection between Foster Wheeler's alleged negligence and the decedent's alleged injuries. Thus, even if Foster Wheeler introduced the evidence at issue to develop an intervening or superseding negligence defense, such use of the evidence would not be improper. Moreover, to the extent that Hipwell believes that

Foster Wheeler is using evidence improperly at trial, Hipwell may request a limiting instruction from the court at that time. *See* FED. R. EVID. 105 ("If the court admits evidence that is admissible against a party or for a purpose – but not against another party or for another purpose – the court, on timely request, must restrict the evidence to its proper scope and instruct the jury accordingly.").

Therefore, the court concludes that evidence regarding the Navy's knowledge about the dangers of asbestos is relevant, and that the dangers of unfair prejudice or misleading or confusing the jury with such evidence do not substantially outweigh the evidence's probative value, such that the court should categorically exclude all such evidence. That said, this ruling does not render all evidence of the Navy's knowledge about asbestos automatically admissible, and Hipwell may still move before trial to exclude *specific* portions of testimony or pieces of evidence regarding the Navy's knowledge under *specific* rules of evidence.

### III.     Motion to Preclude Foster Wheeler's Corporate Representatives From Testifying About Matters Not Within Their Personal Knowledge (ECF No. 184)

Hipwell moves to preclude Foster Wheeler's corporate representatives from testifying at trial about matters not within their personal knowledge. Specifically, Hipwell asserts that she "anticipates that Foster-Wheeler's [sic] former employees and corporate representatives, Richard C. Johnson[] and Thomas Schroppe, will testify about matters that are not within their personal knowledge. The improper testimony is hearsay and relates to the United States Navy's knowledge of the hazards of asbestos." ECF No. 184 at 2. In particular, Hipwell contends that Johnson's "testimony regarding the Navy's knowledge of the hazards of asbestos is based on classic hearsay and a review of documents his attorneys collected and showed him decades after the relevant years and only after he was appointed and began testifying as Foster Wheeler's corporate witness." *Id.* Hipwell further contends that Schroppe's "anticipated testimony about the Navy's knowledge of the hazards of asbestos likewise fails for lack of personal knowledge." *Id.* at 2–3.

Foster Wheeler responds that Hipwell's motion "is merely an attempt to preclude admissible testimony which was elicited by [Hipwell's] own counsel." ECF No. 200 at 1. Specifically, Foster Wheeler asserts that "[t]he testimony to which [Hipwell] objects is based upon historical documents the authenticity and admissibility of which is unchallenged, and the testimony otherwise bears indicia of reliability which render it admissible." *Id.* Foster Wheeler further contends that "[t]o the extent that Foster Wheeler's corporate witnesses were provided with documents to prepare them for their testimony, such preparation is an ordinary part of a corporate defendant's obligations to prepare its witnesses to provide full and complete responses to a 30(b)(6) deposition notice." *Id.* Moreover, according to Foster Wheeler, Hipwell's "motion is premature and overbroad in that it seeks to preclude an entire category of evidence without reference to the context in which or purposes for which such evidence might be offered at trial." *Id.* The court agrees.

Federal Rule of Evidence 602 provides that, with the exception of experts, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Federal Rule of Evidence 602 applies to corporate representatives. *See HealthBanc Int'l, LLC v. Synergy Worldwide, Inc.*, No. 2:16-cv-00135-JNP-PMW, 2019 U.S. Dist. LEXIS 129665, at *39 (D. Utah Aug. 1, 2019); *Indus. Eng'g & Dev. v. Static Control Components, Inc.*, No. 8:12-cv-691-T-24-MAP, 2014 U.S. Dist. LEXIS 141823, at *10 (M.D. Fla. Oct. 6, 2014) ("Rule 30(b)(6) does not eliminate Rule 602's personal knowledge requirement."). Thus, "a corporate representative may not testify to matters outside his own personal knowledge 'to the extent that information [is] hearsay not falling within one of the authorized exceptions.'" *Union Pump Co. v. Centrifugal Tech., Inc.*, 404 F. App'x 899, 907–08 (5th Cir. 2010) (unpublished) (citation omitted). Here, the court is not convinced that all of the

testimony that Hipwell seeks to exclude—that is, all of Johnson's and Schroppe's testimony regarding the Navy's knowledge of the dangers of asbestos—falls outside of Johnson's and Schroppe's personal knowledge and a hearsay exception. Specifically, much of the testimony that Hipwell asserts should be excluded appears to be based on documents that may fall within the ancient documents hearsay exception.[4] *See* FED. R. EVID. 803(16) ("The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness: . . . A statement in a document that was prepared before January 1, 1998, whose authenticity is established."). Accordingly, without the benefit of knowing the exact testimony and evidence that Foster Wheeler will seek to introduce through Johnson and Schroppe at trial, the court declines, at this time, to preclude Johnson and Schroppe from providing any testimony regarding the Navy's knowledge about the hazards of asbestos. That said, at trial, Hipwell will be free to object to any testimony from Johnson and Schroppe that she believes falls outside of their personal knowledge, and the court will sustain any objections to testimony that is inadmissible under the Federal Rules of Evidence. Thus, this ruling does not render all of Johnson's and Schroppe's testimony regarding the Navy's knowledge of the hazards of asbestos automatically admissible, and it also does not

---

[4] Hipwell takes issue with the fact that Foster Wheeler's attorneys provided Johnson with documents regarding the Navy's knowledge of the hazards of asbestos shortly before Johnson's deposition. However, as Foster Wheeler's corporate representative, Johnson "ha[d] an affirmative obligation to become informed on matters regarding the corporation." *See Asarco LLC v. Noranda Mining, Inc.*, No. 2:12-cv-00527, 2015 U.S. Dist. LEXIS 55650, at *12 (D. Utah Apr. 28, 2015). Indeed, even if Johnson lacked personal knowledge, Foster Wheeler was "required to prepare [Johnson] to provide knowledgeable answers 'whether from documents, past employees, or other sources.'" *See id.* (citation omitted). Thus, it was appropriate for Foster Wheeler to provide those documents to Johnson prior to his deposition. And, regardless, Hipwell has not persuaded the court at this time that the fact that Johnson reviewed the documents shortly before his deposition affects the admissibility of those documents under the ancient documents hearsay exception. *See* FED. R. EVID. 803(16).

preclude Hipwell from moving before trial to exclude *specific*, *precise* portions of Johnson's and Schroppe's testimony related to the Navy's knowledge about asbestos.[5]

## CONCLUSION AND ORDER

For the foregoing reasons, the court DENIES Hipwell's three motions in limine (ECF Nos. 181, 182, 184).

DATED August 31, 2022.

BY THE COURT

Jill N. Parrish

United States District Court Judge

---

[5] Hipwell relies heavily on *HealthBanc* to argue that, at this time, the court should exclude from trial all of Johnson's and Schroppe's testimony regarding the Navy's knowledge of asbestos. However, the procedural posture and factual circumstances in *HealthBanc* were different from those here. *See* 2019 U.S. Dist. LEXIS 129665, at *1, *35–36. Specifically, in *HealthBanc*, the court was deciding whether to exclude specific portions of a declaration that was filed in opposition to a motion for summary judgment. *See id.* In addition, it was undisputed that the portions of the declaration at issue were not based on personal knowledge, and it did not appear that any exception to the rule against hearsay applied. *See id.* at *36, *39. Here, on the other hand, Hipwell seeks to exclude an entire category of anticipated testimony from trial. Therefore, at this time, it is not entirely clear what the entire universe of potential testimony in that category is and whether all such testimony falls outside of Johnson's and Schroppe's personal knowledge and an applicable hearsay exception. Thus, unlike in *HealthBanc*, the court declines to exclude the testimony at issue at this time. That said, the court reiterates that, at trial, it will exclude any testimony by Johnson and Schroppe to which Hipwell objects that is inadmissible under Federal Rule of Evidence 602.